The next case called is document number 120797, agenda number 12, People v. Fernando Casas. Are you ready, Ms. Campbell? Yes, sir. You may proceed. May it please the Court, Counsel, my name is Julie Campbell and I represent the defendant Fernando Casas. For 25 years, a violation of bail bond has not been considered a continuing offense per the first district case in Grogan. Now, the second district case in Casas, of course, found otherwise and therefore there's a conflict. What this case is about is that the state did not file a violation of bail bond for 16 years when it is in their power to file it. In 1996, Mr. Casas was charged in a four count indictment on a drug conspiracy case. He came to court for two years, then he stopped. On corporate warrant issued, money went to judgment. He was then tried in absentia and he received 20 years. At that time, in 1998, the state did not file the violation of bail bond and that would have told the statute. Despite arguments made, the power of the prosecution rests solely with the state and the defense can do nothing ever to impede them from filing charges. Now, the Casas decision examined mainly three cases, Miller, Grogan, and Bailey. And Grogan, out of those three cases, is the only violation of bail bond case. And arrested its decision on three points. The first point is that a violation of bail bond is not the type of offense that poses a threat to society. And the Casas court, interestingly, did not make a finding that a violation of bail bond is a threat. What they said was, we cannot categorically say it is not a threat. Which means they can't categorically say it is a threat. The second point that Grogan made was that a violation of bail bond is not a series of acts. And the Casas decision based its holding essentially on this point. And it looked at the Miller case. The Miller case, of course, is an escape case. Now, Miller, because there is no law in Illinois, had to look at federal law. And they looked at Bailey. And Bailey was an escape case. And Bailey found that escape was continuing. And there was no issue with that because federally, they have section 3290. And that section holds the statute of limitations for someone in an escape case. And Congress said, the Bailey court said, must have intended it, of course, because of 3290. Now, Bailey also acknowledged Toosie. And Toosie was the draft registration case. And Toosie questions against court's finding that many offenses are continuing. They say there's a tension between a continuing offense doctrine and the policy of repose. But there was no tension in Bailey because of 3290. Our legislature has not intended that a violation of bail bond be continuing. They have let Miller and Brogan stand for 30 years. Ms. Campbell? Yes. You've identified a few ways in which a violation of the bail bond is different from escape. Yes. But can you explain how and why those differences are relevant in terms of deciding whether both should be treated as continuing offenses? Sure. In escape, you're physically planning to get out of custody. You are counted every day. And whether you're doing the bed sheet express out of the D.C. jail like they did in the Bailey case, or you're walking off work release like in Miller, you are still counted every day. Violation of bail bond is different. You are not counted every day. The violation of bail bond is different from escape. Violation of bail bond is due process. You get notice. There's certainly no notice in an escape. You're picked up and you're thrown right back in the penitentiary or into custody. You have 30 days to come in. You can give an excuse. The legislature itself doesn't say violation of bail bond is escape like they do if you're unbond and you have an ankle bracelet and you cut it off. The legislature has deemed that an escape. They certainly haven't done that with the violation of bail bond. The third point of Grogan was absence of the sound rationale for pertinent case law. This is not continuous. And as we mentioned in our briefs, there was a public policy outcry on the criminal sexual abuse statutes. And so the legislature convened and worked at the statute of limitations in those cases. There's been no public policy reason stated in CASA's for changing this well-established law. Ms. Campbell, you mentioned that it's not continuous. But this defendant was tried in absentia. Didn't the defendant's obligation under the bail bond terminate at that time? So how could bail bond be continuous then? Or is it used as a separate offense? But even so, the obligation was terminated. Right. But the violation of bail bond is a separate offense. You did not come to court. So he was tried on the drug case, but he still had the separate offense of not coming to court. So that first date when he didn't come, that's the violation. They give you a 30-day grace period and an opportunity to come in with an excuse. But the crime then is complete after the 30-day mark. What would be the penalty? On a violation of bail bond? Under these circumstances, he's already been tried. Yes. So on a violation of bail bond, it's the felony of the class right below the felony you're charged with. So he was convicted on a Class X. So then it's a Class I. So it's a 4- to 15-year range. Does your position encourage someone who's on bond to violate the bond and hope that the state doesn't file charges and stay undercover or whatever, and then at the end of the day, there's nothing that can be done about it other than the underlying charge? Absolutely not, Your Honor. There is something that can be done about it the state can file. If you file your information or indictment on the violation of bail bond, you will toll the statute. And as you saw, the superseding information, it's one page. This is a very easy case to charge. It's three elements. You're on bail, you don't come in, and you don't come in within the 30 days with an excuse. And that's all they have to prove. The legislature certainly has said they have known that Brogan has stood, finding that violation of bail bond is not continuing. They've let that stand. There's a doctrine of acquiescence. This Court just discussed it, people versus the state. They haven't changed either case. So we would ask this Court to reverse the judgment of the appellate court and affirm Circuit Court of DuPage County dismissing superseding information. The state argues in its brief that kidnapping provides a striking illustration of the harm that your interpretation would inflict, that a kidnapper takes a baby, completes the crime, and can be charged the moment he or she secretly confines the baby. And if the confinement goes on for three years, that statute is not defined as a continuing offense. The defendant would be insulated. What's your response to that? My response to that is that case couldn't be further from what a violation of bail bond case is. A violation of bail bond case is, I believe, the only case that absolutely must occur in the courtroom. The defendant's name is called out. The defendant is known. It's not like a kidnapping case where you don't know who the defendant is. He's known. The day of the offense is known, and sometimes the time, because the judge will say, well, we'll look at the clock. It's 9.50. Court started at 9.30. The defendant is not here on forfeiture warrant issue. All right. Everything is known. You have a courtroom full of witnesses. It is completely unlike kidnapping. You alluded to due process, a right the defendant has. Does the state have to afford those before charging? No. Yes. They can't. Yes. After 30 days, then they could file their information. Good morning, and may it please the court and counsel. I am Elder Malamuth here today from the Illinois Attorney General's Office on behalf of appellee, in this case, people of the state of Illinois. One thing that was notably lacking in the appellant's discussion was an analysis of the relevant statutes. Now, this court should find that Section 3-8 applies because it is the only interpretation. It should apply to bail bond violations. It's the only interpretation that is consistent with the plain and ordinary meaning of the statutes, and that's where we must start in this case. The central issue is whether jumping bail and failing to surrender is a one-time event or, instead, is it a series of omissions or failures to act? Again, that's a matter of statutory construction. We have to look to Section 3-8, which makes clear that if an offense is based on a series of acts or failures to act, then the statute of limitations does not run until the last act or failure to act. So then we look at the criminal statute. Section 32-10 criminalizes forfeiting bail and failing to surrender. Forfeiting bail is accomplished by failing to comply with the conditions and duties of bail bonds. Those are set forth in Section 110-10, and those include appearing and submitting to the orders and process of the court until discharged or final order of the court. So a bail bond violator is continuing to perform the relevant act for failing to appear in court, failing to submit to the process of the court, failing to surrender himself until apprehension or surrender. So under 3-8, a section that applies on the face of the statutes to the bail bond statute. Now, defendant's construction would require the criminal section to somehow define itself as continuing, as being applicable under 3-8. Notably, there are a host of relevant crimes which are considered continuing offenses which do no such thing. Your Honor brought up kidnapping. There's also escape, conspiracy, possession. These have substantively identical statutory language. Kidnapping, which was the subject of the discussion with the panel, states a person commits the offense of kidnapping when he or she knowingly and secretly confines another against his or her will. Appellants suggest there's some distinction because one offense occurs in a courtroom and another offense occurs somewhere else. But there's no reason that's relevant under Section 3-8. The crime is committed. Under defendant's view, the crime can be charged. That's the act, and that's all there is to it. Counsel, again, doesn't the defendant's obligation under the bail bond terminate when he doesn't show up at court? Isn't that where it stops continuing? No, Your Honor. The duty continues until final order or discharge, and the duty continues failure to surrender and to submit to the process of the court. That continues until, indeed, he does so. Now, Your Honor brought up the trial in absentia. Now, this, of course, is not a final order, even under the statute, because under the trials in absentia statute, Section E, the defendant automatically has a right to a hearing on whether he or she gets a new trial or a new sentencing hearing. So even under the express language of the statute, there's more to do. It's not a final order that terminates or ends the litigation or disposes of the rights of all parties. And that's, again, separate from the duty to submit to the process of the court, which certainly includes showing up for your sentence. So even though he was sentenced here, he never showed up to submit himself to that sentence. Now, the defendant also distinguishes bail bond violation from escape. But, again, there's no relevant distinction. Escape is a person who intentionally escapes. The statute says, a person who intentionally escapes from an appeal institution or from the custody of an employee of that institution commits escape. Now, the defendant makes an argument about there's some sort of difference in physical custody. But the defendant concedes that's actually not right. It occurs if there's a work police program. It occurs if there's electronic home confinement. There's really no physical custody necessary for escape. But the similarities between bail bond violation and escape are highly relevant. Both address defendants who present a continuing threat to the public. Both involve defendants who have fled the criminal justice system and who have prevented public officials from promoting public safety and punishing crimes. Counsel argues that a distinction between escape and violation of bail bond is that cases clearly have said that escape involves some threat to public safety and that it has not been held or not clear that a violation of bail bond is a threat to public safety. You seem to suggest that it is. Why do you say that? Your Honor, certainly it is. It's a threat to have people charged, defendants charged with serious crimes, not submit to the process of the court, not be tried for those crimes, potentially not be punished, not be removed from society. In this case, the defendant was charged with a Class X felon. To argue that people charged, defendants charged with Class X felons present no danger to society doesn't make sense on its face. We also know that the General Assembly has determined that bail bond violation presents a danger to society. Bail bond violators are presumptively not allowed on further bail. There's mandatory consecutive sentencing for felonies committed while a defendant is out on bond. We know that the General Assembly believes that bail bond violation presents a danger, and we just know from looking at the facts that there's a danger presented. And that is just like escape. And that's why the U.S. Supreme Court and courts of this jurisdiction have found that escape presents a threat. And bail bond violations are, in all relevant respects, similar. The defendant might not have been convicted already, but certainly the defendant's been charged, and is submitting to the process of the court until he flees. Does your argument change if the offense is a retail theft? I don't believe so, Your Honor. The argument, if the underlying, you're saying if the- If he's on bail or on bond for a retail theft. No, Your Honor. Of course, it's still a danger. But the penalty then might be less. In this case, it's a Class I felony because the underlying crime is a Class X felony. A retail theft, the underlying penalty would be lower. But it's still a danger, of course. Not as great a danger, perhaps, as in this case. But it's still a danger. And a danger also to the court system. A threat to the integrity of the court system. If the defendants are simply allowed to not show up. The defendant argued that you could simply charge the person who skipped out on bail immediately, and that would take care of the problem. Any response to that? Yes, Your Honor. First of all, the people are not required under Section 3-8 to charge the defendant the moment bond is forfeited and judgment is entered. And there are good reasons for that. First, there's always prosecutorial discretion. And in this case, because the defendant has taken himself out of the criminal justice system, there's a determination of the facts. So the defendant has not come back into the system, and the bail bond violation targets knowing behavior now at the time, willful behavior. So not all the facts are necessarily in. Second, it would accomplish nothing. The defendant says, well, they could have just charged me. But nothing would have changed in this case. A warrant has already issued under the bail bond violation statute. And so we would have had a situation where there would have been abuse of prosecutorial resources, impaling of a jury, whatever that may be, use of the court's time in having the case come before the court. And that's it. It just would have been a waste of everyone's time. And meanwhile, the defendant still wasn't found for 16 and a half years. And the suggestion that somehow there should be a requirement by the state, which has not been made by the legislature, to charge the defendants in some kind of completely useless endeavor, there's no support for that in the statute. And there's no policy reason why we would ask the people to do so. Now, the defendant also brings up the doctrine of legislative acquiescence. That generally is a weak read on which to base the intent of the legislature. In this case, it also presents other problems. So for one thing, there were multiple cases interpreting Section 3-8 for highly analogous crimes, like escape. And so you had one case where it's not a hundred years' worth of cases. It's not several appellate courts. It's one appellate court decision, which found that a bail bond violation was not a continuing offense. Just meanwhile, you have another court, in fact the same district, finding that escape was a continuing offense. And so it was reasonable for the legislature, assuming they were aware of Brogan, to think that this, as indeed happened here, would come before the courts to find a way to deal with these opposing precedents. Moreover, it's not just a simple matter. The defendant says, well, they could have just amended the statute. But which statute would they have amended? The bail bond violation statute? Well, if they meant that statute to say, well, Section 3-8 applies to this statute, what about all those other statutes? What about escape? What about kidnapping? What about conspiracy? They don't say that. This would leave those cases subject to exactly the kind of argument that the defendant makes here. Conversely, would Section 3-8 be amended? And you'd have to include, you couldn't just say just a bail bond violation. You'd have to go and what? Include every single offense covered. That's clearly not the regime, the manner in which the legislature has targeted this problem. It has done so under Section 3-8. And that section makes clear if it's a continuing offense. It's a continuing offense under 3-8 if it's a series of acts or a failure to act. Here, the act is not showing up. The omission is not showing up. That omission continues. It's a single course of conduct. That act or failure to act is performed over and over and over again, just like escape, each day that the defendant does not appear where he is supposed to be. Unless the court has any further questions, we would ask the courts to affirm the judgment. You have raised an alternative. Are you going to comment on that? We do believe that in this case the Section 3-7A is also relevant, and the defendant wasn't publicly resident because he was using a fake ID. We think that the better way to determine the case, both for precedential value and because that's the first line that should be going through with a continuing offense, is to use this provision. But we do believe that also, because he used a fake ID, he was not publicly resident during that period. So the statute of limitations was to hold on that basis as well. Unless there are further questions, we'd ask the courts to affirm. Thank you, Mr. Miller. Thank you. Counsel argued that 3-3A applies and is the only interpretation for the case, but that's just not true because Grogan found that it did not apply, and that's been the law for 25 years. Number two, escape is not a one-size-fits-all statute. They are two different crimes. Concerning a threat to the public, Grogan found there was no threat to the public, and Casas did not make that finding either. Yes, he was on bond for a class-X offense, but he was on bond. So that should indicate his role in the drug conspiracy. He was not probably the high person on that totem pole. The argument was made here that if we look at other statutes that the legislature has enacted involving a violation of bail bond charge, or specifically that a conviction for that crime would run consecutively to any other conviction, that we can determine that the legislature saw this as very serious. The consecutive sentencing section is a punishment, but it doesn't mean it's a continuing crime. The issue is whether or not the legislature saw this as an issue about public safety. Yes, well, because of the consecutive sentence. Well, my answer is it's a punishment. It doesn't mean that it's a continuing offense. The federal cases certainly look at failure to appear, that's what's called the federal court, differently. You do not get 30 days in federal court to come in and give an excuse. It is a different statute, and it has 3290. So the federal cases probably should not be given that much weight. The state said they're not required to charge him. Absolutely, they are not required to charge him. However, if they want to come in within the statute of limitations, then they must charge him. And the state argued nothing would have changed. Everything would have changed. So your argument is that on day 31, the state should file this charge. Absolutely. And then every defendant who's arrested maybe on day 40 would be facing a new crime for which there's mandatory consecutive sentencing. Yes, they file violations of bail bond all the time like this, and it's a very easy charge to file. Everything would have changed in this case. There would not have been all this litigation. Ms. Campbell, I'm going to just read you this quote from a Nevada Supreme Court case. Tell me what's wrong with their analysis. It says, Bail is a privileged release from custody to allow Woolsey to avoid prosecution for failure to appear simply because he eluded arrest long enough to surpass the three-year statute of limitations is contrary to the purposes of, and they cite the statute in particular, and bail in general. Therefore, based on the fact that the statute is intended to punish those on bail who violate the conditions of their bail by failing to appear before the court when commanded, we conclude that the failure to appear is a continuing offense and that the district court did not err in this conclusion. Yes, the Woolsey case. Right. My reading of the Woolsey case, which was not cited in the state's brief, I believe Nevada law must be different because Woolsey also said bail does not end custody. That's contrary to Illinois law. Bail does end custody. And they also stated in order for the state to avoid the running of the statute of limitations, the violation of bail bond has to be a continuing offense. Well, in Illinois, we have a method to toll the statute. They can file, and through the trial court, the appellate court, and this court, we still have not gotten a reason why they did not file that. The publicly resident issue, that was not litigated below. And there is no, quote, unquote, evidence about that. It's grand jury testimony. It's actually double hearsay and a grand jury testimony where that came out. So that issue really was not litigated at all. For those reasons, we ask the court to reverse the appellate court and affirm the DuPage County Circuit Court. Thank you. Case number 120797, People v. Casas, will be taken under advisement as agenda number 12. Ms. Campbell, Mr. Malamuth, we thank you for your arguments this morning. You are excused.